851 A.2d 778

LINDA FITZGERALD, PETITIONER, v. TOM CODDINGTON STABLES, RESPONDENT–RESPONDENT, AND N.J. HORSE RACING INJURY COMPENSATION BOARD, RESPONDENT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 7, 2004—Decided July 7, 2004.

Before Judges PETRELLA, KESTIN [1] and WEFING.

*Francis T. Giuliano* argued the cause for appellant N.J. Horse Racing Injury Compensation Board.

*Nicholas L. Krochta* argued the cause for respondent Tom Coddington Stables (*Kulick, Brennan & Krochta,* attorneys; *Mr. Krochta,* on the brief).

The opinion of the Court was delivered by

PETRELLA, P.J.A.D.

The issue in this appeal is whether the workers' compensation coverage owed to petitioner Linda Fitzgerald should be borne by Tom Coddington Stables (through its compensation carrier) or by the New Jersey Horse Racing Injury Compensation Board (Compensation Board) established pursuant to *N.J.S.A.* 34:15–129, *et*

---

[1] Judge Kestin did not participate in oral argument. However, the parties consented to his participation in the decision.

*seq.* The Judge of Workers' Compensation concluded that under the statute, the Compensation Board bore the responsibility for paying any benefits due to petitioner.

On its appeal the Compensation Board argues that the definition of "horse racing industry employee" in *N.J.S.A.* 34:15–131 applies only to the employees of the actual owner of the horse. It therefore argues that Fitzgerald should not be considered a statutory "horse racing industry employee" because at the time of the incident, although working for Tom Coddington Stables and licensed by the Racing Commission, Fitzgerald was not working on a horse owned by Coddington Stables.

We reject the Compensation Board's arguments as without merit and conclude that petitioner Fitzgerald was a licensed horse racing industry employee and working for an owner and trainer of horses in the industry and was covered by the statute.

There is no question that petitioner had been employed by Coddington Stables for three months in the position of second trainer and groom. She was injured on April 11, 2001, while in the process of returning two horses to Coddington Stables from the racetrack. Although Coddington Stables did not own these two horses, Tom Coddington was the trainer of the horses, including Maui Magic, which bolted while being unloaded from the transport and injured petitioner.

We note that the Judge of Compensation had misstated that Coddington Stables owned Maui Magic. The owner of Maui Magic was actually an individual identified as "Iceachello" (phonetic). Petitioner was not an employee of Iceachello, nor was any evidence presented that Coddington was acting as an employee of Iceachello in his capacity as a trainer.

Nonetheless, it is clear that at the time of the accident, petitioner was performing services for a trainer in connection with the racing of a horse in New Jersey. *N.J.S.A.* 34:15–131 defines a "horse racing industry employee" as:

a jockey, jockey apprentice, or driver engaged in performing services for an owner in connection with the racing of a horse in New Jersey. In addition, a trainer who otherwise would be considered an employee of the owner pursuant to R.S. 34:15-1 et seq., as well as any person assisting such trainer who is licensed or required to be licensed by the commission, is a horse racing industry employee for the purposes of this act.

Only those individuals that meet this definition come within the ambit of coverage by the Compensation Board.

We do not read the definition to encompass only those who are employed by the owner of the particular horse which gave rise to the petitioner's injuries. Those employed by a trainer are covered by the statute even though the trainer may not be an employee of the horse's owner. Indeed, the reference to "a trainer who *otherwise* would be considered an employee of the owner pursuant to R.S. 34:15.1 *et seq.,* ..." emphasizes that the usual rule of employment and the requirement for coverage under the Workers' Compensation Act does not apply for persons licensed by the racing commission. *See N.J.S.A.* 34:15–135a and 135b. The presence of the word "otherwise" in the statute makes the trainer's employment by the owner to be of no import. Here, although petitioner was not an employee of the owner of Maui Magic, she nevertheless fell within the ambit of the statute by virtue of her employment with the horse's trainer.

Although the statute and its convoluted legislative history are not models of clarity on whether all licensed racetrack employees are intended to be covered for workers' compensation through the Compensation Board, we are satisfied that the language of the statutory text supports our interpretation.[2]

Affirmed.

---

[2] The current statute was last amended by Senate Bill 2155, introduced on October 18, 1999, and which became Laws of 1999, Chapter 378 on January 14, 2000. While that bill originally proposed to eliminate "worker's compensation coverage provided by NJ Horse Racing Injury Compensation Board for employees of trainers," it did not implement that purpose when it was finally adopted. The statute not only retained the word "otherwise" but also included Assembly floor amendments adopted on January 10, 2000, that provided that licensed

___

persons assisting trainers were included as "horse racing industry employees for
the purposes of this act."